IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MACK ALLEN,

      Petitioner,

v.                                         CASE NO. 4:05-cv-386-MMP-AK

WALTER MCNEIL,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus. Respondent has filed a response with supporting exhibits, Docs. 9 & 10, and Petitioner has filed a reply. Doc. 14. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner was charged with sexual battery on a child under the age of twelve. He was convicted by a jury, and after being declared a sexual predator, he was sentenced to life imprisonment.

On appeal, Petitioner raised two issues: (1) whether the court erred in failing to conduct a hearing regarding trial counsel's effectiveness; and (2) whether a life sentence without the possibility of parole was cruel and unusual punishment for the offense of conviction. Doc. 10, Ex. H. The appellate court per curiam affirmed without opinion. Doc. 10, Ex. J.

Petitioner then filed a motion for post-conviction relief.  Doc. 10, Ex. K.  In that motion, Petitioner raised five claims of ineffective assistance of counsel: (1) failure to object to exclusion of his immediate family from the courtroom; (2) failure to object to the admission of the victim's hearsay statements without a hearing; (3) failure to challenge the competency of the victim; (4) failure to call the victim's grandfather and the doctor who first treated the victim; (5) failure to introduce Petitioner's employment records.  Doc. 10, Ex. K.  He also challenged the constitutionality of the sexual predator statute.  *Id*.

The trial court denied the motion.  As to the exclusion of the family, the court found that Petitioner failed "to show counsel acted below a reasonable standard as the proper procedure [for exclusion] was followed and counsel had no meritorious basis for objection."  *Id*.  The court further found that Petitioner could not "sustain his burden of showing the outcome of the proceedings would have been different had certain immediate family members been allowed to remain in the courtroom."  *Id*.  In particular, the court pointed out that Petitioner's "daughters would not have been allowed to first listen to the victim's testimony and then based on what she said, decide whether or not to testify for the defense" and that "allowing his daughters to remain in the courtroom [to] discourag[e] the victim from testifying untruthfully is the very type of intimidation tactic which serves as a basis for authorizing courtroom clearance in cases involving victims of sex offenses and fails to provide a sufficient and legitimate showing of how the outcome of the proceedings would have been different."  *Id*.

As to the claim regarding the admission of the victim's hearsay statements, the court found that the State's notice of its intent to use certain out-of-court statements made by the victim conformed to the statutory notice requirements, and it rejected any claim that counsel was

"caught totally off guard" by certain the testimony of certain witnesses, as counsel had deposed them before trial and "was therefore aware of their testimony prior to their testifying at trial."  *Id*.

The court rejected Petitioner's claim regarding the reliability of the child's out-of-court statements as failing to satisfy the second prong of *Strickland*, concluding that counsel had "deposed all of the state's witnesses and was therefore aware of the circumstances surrounding the victim's statements to each of them" and his decision to forego further hearing regarding the reliability of the statements "must have been based on his realizing that the statements would have been held to be admissible."  The court found support for the admission of the statements in the record and concluded that "even if counsel could be deemed ineffective for failing to require the Court to make such findings, the outcome of the proceedings would not have changed as the statements would have been deemed admissible hearsay."  *Id*.

With regard to the claim that counsel was ineffective for failing to challenge the competency of the victim to testify and for failing to object to her testifying without taking an oath, the court found that the record showed the victim was sworn and testified under oath and that Petitioner had failed to show the victim "could have been deemed incompetent to testify." *Id*.  Thus, even if counsel had challenged the victim's competency, the record established that she was competent and "would not have been deemed disqualified had counsel challenged her competency."  *Id*.  Petitioner therefore failed to meet his burden to show "an unreasonable act by counsel [affecting] the outcome of the proceedings."  *Id*.

As to Petitioner's claim related to counsel's failure to call the child' grandfather and the initial treating physician, the court found that failing to call these witnesses was not ineffective "as putting forth such testimony would have completely contradicted the defendant's claim of defense, i.e., that the child victim was not being watching at his house during the time she alleges the crimes occurred." *Id*.  During closing arguments, counsel pointed out the State's failure to "provide proof of the child's testimony concerning seeing a doctor due to vaginal bleeding without jeopardizing the defense strategy and putting forth witnesses who would have contradicted the defense's case as well as the testimony of both the defendant and his wife." *Id*.

The court also rejected Petitioner's claim regarding the introduction of his employment records, finding that the records would have been "contradictory to other evidence or testimony submitted by the defense," and thus, that Petitioner had not shown either an unreasonable act by counsel or "how introduction of such records would have [affected] the outcome of the proceedings." *Id*.

Finally, the court found that pursuant to applicable case law, Petitioner's designation as a sexual predator without a separate hearing did not violate his procedural due process rights under the Fourteenth Amendment.  *Id*.

This decision was affirmed on appeal.  Doc. 10, Ex. L.

On this occasion, Petitioner raises the same five claims of ineffectiveness raised in his post-conviction motion.

## DISCUSSION

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because

that court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly.  Rather, that application must also be

unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative

of clearly established federal law.  Instead, this Court must look to the specific holdings of

Supreme Court cases themselves.  If the Supreme Court has not issued a specific holding on the

issue at hand, then the state court's decision is not contrary to or an unreasonable application of

clearly established federal law.  *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166

L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the

state court's factual determinations are correct, and the petitioner bears the burden of rebutting

the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see*

*also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's

rationale," does not detract from the deference owed to that court's decision.  *Wright v. Secretary*

*for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).  Under § 2254, the

Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all

that is required for a state-court adjudication on the merits is a rejection of a claim on the merits,

not an explanation.  *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for

habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of

the federal constitution.  *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d

783 (1982);  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).  This limitation on federal

habeas review applies equally when a petition which truly involves only state law issues is

couched in terms of alleged constitutional violations.  *Branan*, 861 F.2d at 1508; *see also*

*Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be

repackaged as federal errors simply by citing the United States Constitution).

      1.      Failure to object to exclusion of family from courtroom.

      The trial court did not exclude Petitioner's family from the courtroom.  However, even if

it had, to prevail on an ineffective assistance of counsel claim raising the failure of counsel to the

closure of the courtroom to family and spectators, Petitioner would have to show that he was

prejudiced by counsel's failure, as prejudice is not presumed in this context.  *Purvis v. Crosby*,

451 F.3d 734, 743 (11th Cir. 2006).  Having considered the state court's careful ruling, the Court

does not find anything either contrary to *Strickland* or unreasonable about the court's application

of its test for effectiveness, and therefore, the claim should be denied.

      2.      Failure to object to admission of child's out-of-court statements.

      This claim was fully explored by the state court and rejected as contradicted by the

record.  Thus, this Court is constrained to examine only whether the state court's decision was

based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding.  Having considered the state court record, there is ample evidence to support

the court's conclusion that counsel did not act deficiently in failing to object to the statements or

to the notice regarding those statements.   Thus, Petitioner has not met his burden of rebutting

the presumption of correctness by clear and convincing evidence, and this claim should be

denied as well.

3.      Failure to challenge the child's competency.

This claim was likewise fully considered by the state court and found lacking both factually and legally.  Petitioner's allegation that the child "may have" been disqualified if counsel had challenged her testimony is not the test for determining ineffectiveness.  Instead, there must be a reasonable probability of that outcome, and the Court will not disturb the factual underpinnings of the state court's conclusion that the child was competent unless there is clear and convincing evidence rebutting that conclusion.  Here, Petitioner cannot meet that standard, and therefore, the state court's conclusions regarding his effectiveness are neither contrary to nor an unreasonable application of *Strickland*.

4.      Failure to call certain witnesses.

Petitioner claims that counsel was ineffective in failing to "depose, interview, or call" the child's grandfather and the initial treating physician.  If counsel had called the grandfather to testify that the child was not bleeding when he picked her up at Petitioner's home, the testimony of Petitioner and his wife that the victim was not at the home in 1997, when the sexual battery allegedly occurred, would have been severely compromised.  Further, counsel pointed out the lack of medical evidence to support the child's testimony that she was bleeding when her grandfather picked her up without contradicting the testimony of the Allens that the child was not even at their home during the relevant time period.  Thus, the court's conclusion that counsel did not act ineffectively in failing to present testimony which would have contradicted the defense was neither contrary to nor an unreasonable application of *Strickland*.

5.      Failure to introduce employment records.

According to Petitioner, he was employed with a construction company and a security

firm during the relevant time period of the alleged abuse and that if counsel had gotten his

employment records, it would have established a defense and impeached the victim's testimony.

Petitioner's defense was that the child was not at being babysat at his home during the relevant

time period, not that Petitioner was not at the home during that time.  Thus, the employment

records would not have supported the chosen defense.  They may or may not have impeached the

child's testimony.  Petitioner's wife testified that his usual hours were from 8-5 during the week

and that he did not work on the weekends.  If counsel had presented work records showing that

Petitioner did in fact work on the weekends or past 5 p.m., this would have contradicted the

wife's testimony, thereby making her testimony less credible.  Thus, counsel was not ineffective

in failing to present evidence to contradict the testimony of his own witness.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of

habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  4th    day of March, 2008.


 S/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**