IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MACK ALLEN,

      Petitioner,

v.                                                                      CASE NO. 4:05-cv-00386-MP-AK

JAMES V CROSBY,
WALTER MCNEIL,

      Respondents.

_____/

## O R D E R

This matter is before the Court on Doc. 23, Report and Recommendation of the

Magistrate Judge, recommending that the Petition for Writ of Habeas Corpus, Doc. 1, be denied

and this cause be dismissed with prejudice.  The Petitioner filed objections, doc. 25, which the

Court has considered.

Petitioner, who was convicted of sexual battery of a child under twelve while the child

was being babysat at his home, raised five claims of ineffective assistance of counsel: (1) failure

to object to exclusion of his immediate family from the courtroom; (2) failure to object to the

admission of the victim's hearsay statements without a hearing; (3) failure to challenge the

competency of the victim; (4) failure to call the victim's grandfather and the doctor who first

treated the victim; and (5) failure to introduce Petitioner's employment records.

With regard to the first claim, the Court agrees with the Magistrate Judge that exclusion

of the immediate family -- who were potential witnesses in the case -- was proper.  The Court

could not allow Petitioner's daughters to first listen to the victim's testimony and then testify for

the defense.  Also, allowing his daughters to remain in the courtroom to discourage the victim

from testifying is the very type of intimidation tactic which serves as a basis for authorizing

courtroom clearance in cases involving victims of sex offenses (particularly when the victim is

young).  Thus, any objection by counsel would not have succeeded, and counsel was not

ineffective for failing to object.

As to the claim regarding the admission of the victim's hearsay statements, the Court

agrees that the State's notice of its intent to use certain out-of-court statements made by the

victim conformed to the statutory notice requirements.  Additionally, the Petitioner had deposed

all of the state's witnesses and was therefore aware of the circumstances surrounding the

victim's statements to each of them.  Thus, counsel's decision to forego further hearing regarding

the reliability of the statements was reasonable because it was unlikely that the statements would

have been held to be inadmissible.

With regard to the claim that counsel was ineffective for failing to challenge the

competency of the victim to testify and for failing to object to her testifying without taking an

oath, the Court agrees that the record showed the victim was sworn and testified under oath and

that Petitioner had failed to show the victim could have been deemed incompetent to testify.

Thus, even if counsel had challenged the victim's competency, the record established that she

was competent and would not have been deemed disqualified had counsel challenged her

competency.

As to Petitioner's claim related to counsel's failure to call the child' grandfather and the

initial treating physician, the Court agrees that failing to call these witnesses was not ineffective.

Such testimony would have completely contradicted the defendant's claim of defense, i.e., that

the child victim was not being watched at his house during the time she alleges the crimes

occurred, and these witnesses would have contradicted the testimony of both the defendant and

his wife.  Additionally, the undersigned agrees that it was a reasonable strategic choice to decline

to introduce Petitioner's employment records because they would have contradicted the wife's

testimony concerning his working hours and would not have helped his main defense, which was

that the child was being babysat elsewhere, not that he was not at the home.

Accordingly, all of Petitioner's claims are without merit, and it is hereby

**ORDERED AND ADJUDGED:**

1.      The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2.       The Petition is denied, and this case dismissed with prejudice.

**DONE AND ORDERED** this  *4th*  day of November, 2008

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge